UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE STINE,

    Petitioner,   Case No. 2:21-cv-10759
                                            Honorable Linda V. Parker

v.

JEREMY HOWARD,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Tina Marie Stine ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, Petitioner challenges her sentence for third-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520d(1)(B). For the reasons that follow, the Court is summarily dismissing the petition.

**I.  Background**

Petitioner pleaded no-contest to one count of third-degree criminal sexual conduct in the Circuit Court for Clinton County, Michigan. In exchange for Petitioner's plea, the prosecutor agreed to dismiss two other charges and "to a mid-

point cap on the appropriately scored guidelines." Petitioner and her counsel acknowledged that these were the terms of the plea and sentencing agreement. Petitioner also agreed that there had been no additional promises made to get her to plead no-contest. (ECF No. 1 at Pg ID 39-40, 42).

At sentencing, the trial court noted that the sentencing guidelines had been scored by the probation department at 24 to 40 months, resulting in the mid-point for the sentencing guidelines range being 32 months. The probation department recommended a sentence of 32 to 180 months. (ECF No. 1 at Pg ID 15). The prosecutor objected to the scoring of the sentencing guidelines range by the probation department as being too low. Specifically, the prosecutor argued that Offense Variable (OV) 11 of the Michigan Sentencing Guidelines should have been scored at 50 points for two or more sexual penetrations. The prosecutor also asked that OV 7 be rescored at 50 points to reflect that the victim, Petitioner's daughter, had been subjected to sadism, torture, or excessive brutality.

The trial court agreed to rescore OVs 7 and 11 at 50 points each. With the rescoring of the guidelines, Petitioner's sentencing guidelines range was now 36-60 months, with the mid-range of the sentencing guidelines being 40 months. (*Id.* at Pg ID 19-23). The court sentenced Petitioner to 48 to 180 months in prison. (*Id.* at Pg ID 35).

Petitioner's conviction and sentence were affirmed on appeal. *People v. Stine,* No. 353731 (Mich. Ct. App. Aug. 18, 2020), *lv. den.* 953 N.W.2d 412 (Mich. 2021).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Trial court did err when it scored OV 7 for 50 points.

II. Trial court did err when it scored OV 11 for 50 points.

III. Trial court did err when it scored OV 19 for 10 points.

IV. Trial court did not honor plea that judge had set, asking for plea to be upheld.

(ECF No. 1 at Pg ID 5-10.)

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). If it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief, the federal habeas court should summarily dismiss it. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. The Sixth Circuit, in fact, long ago "disapprove[d of] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the

4

necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes that the petition must be summarily dismissed. For the reasons discussed below, Petitioner's sentencing claims do not entitle her to habeas relief. Petitioner's fourth claim also is subject to summary dismissal because Petitioner fails to show that the judge and prosecutor did not honor the terms of the plea and sentencing agreement. *See O'Hara v. Wigginton*, 24 F.3d 823, 827 (6th Cir. 1994).

### III. Discussion

### A. Petitioner's Sentencing Claims

In her first three grounds for habeas relief, Petitioner claims that the state trial court incorrectly scored three of the offense variables under the Michigan Sentencing Guidelines. Such claims are not cognizable on federal habeas review because they are basically state law claims. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining [her] sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, Petitioner had

no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating Petitioner's guideline score would not merit habeas relief. *Id.*

### B. Petitioner's Breach of Plea Agreement Claim

In her fourth ground for habeas relief, Petitioner claims that the trial court breached the terms of the plea and sentencing agreement by imposing a minimum sentence of 40 months rather than following the probation department's recommendation of 32 months.

Absent extraordinary circumstances, or some other reason why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial judge scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Id.* Plea agreements are to be strictly construed. *See United States v. Brummett*, 786 F.2d 720, 723 (6th Cir. 1986). A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo*, 365 F.3d 487,

497 (6th Cir. 2004). Moreover, "[T]he United States Constitution does not require judges to explain the meaning of ... unambiguous terms during the plea colloquy in order to combat alleged misinformation that is not revealed on the record." *Id.*

The record in this case shows that the clear terms of the plea and sentencing agreement required the trial court to sentence Petitioner in the mid-range of the appropriately scored sentencing guidelines in exchange for Petitioner's plea. (ECF No. 1 at Pg ID 39-40, 42.) Petitioner acknowledged, on the record, that these were the terms of the plea agreement. (*Id.* at 40, 42-43.) Although the probation department initially scored the sentencing guidelines at 24 to 40 months, with the mid-point of the guidelines range being 32 months, the sentencing guidelines were rescored by the trial court at 36 to 60 months after the prosecutor argued that several offense variables should have been scored higher. The rescoring of the guidelines resulted in a mid-point range of 48 months. Petitioner received a 48 month sentence on the minimum sentence. A "clear reading" of the plea agreement shows that there was no promise by the prosecutor or the trial court that Petitioner would receive a minimum sentence of 32 months in prison. Petitioner has therefore failed to show that the original terms of the plea agreement were breached by the prosecutor or the trial court.

## IV. Conclusion

For the reasons set forth above, Petitioner's application for the writ of habeas corpus is summarily dismissed with prejudice. To appeal this decision, Petitioner must first obtain a certificate of appealability. 28 U.S.C. § 2253(c).

A certificate of appealability may issue only where the prisoner makes a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). The petitioner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner fails to make this showing. The Court is therefore denying her a certificate of appealability. The Court is also denying Petitioner leave to appeal *in forma pauperis* because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED A CERTIFICATE OF APPEALABILITY** and **LEAVE TO APPEAL *INFORMA***

*PAUPERIS*.

**IT IS SO ORDERED.**

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: May 28, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 28, 2021, by electronic and/or U.S. First Class mail.

                                            s/Aaron Flanigan
                                            Case Manager